UNION CARBIDE AND CARBON CORPORATION, Plaintiff, v. BARGAIN FAIR, INC. et al., Defendants.

Common Pleas Court, Lake County.

No. 28039. Decided October 24, 1955.

John J. Adams, George Farr, of Squire, Sanders & Dempsey, Cleveland, Thomas H. Blakely, of Blakely & Blakely, Painesville, for plaintiff.
Elmer I. Schwartz, Cleveland, Lester Donaldson, Painesville, for defendants.

## OPINION

By SLOCUM, J.

The plaintiff Union Carbide and Carbon Corporation, a New York corporation duly authorized to do business in the State of Ohio, in its amended petition, sought an injunction under the Ohio Fair Trade

Practises Act (§1333.05 et seq., R. C.) against the defendants, Bargain Fair, Inc., and Mentor Brands, Inc., both Ohio corporations having the same place of business at Mentor, Lake County, Ohio. The plaintiff in its petition claimed in substance that it has been and now is engaged in the manufacture of "Prestone" brand anti-freeze and about November 1923 adopted and began to use "Prestone" as a trade-mark brand or name for its product, which has been widely and extensively sold in Ohio and throughout the United States and for which the plaintiff has spent large sums of money in promoting and advertising it.

It further claimed it duly entered into a contract under the above Act with an Ohio retailer that he would not advertise, offer for sale or sell "Prestone" at prices less than the minimum prices set forth in the schedule of minimum prices attached to the contract, that the defendants had been notified of this contract yet advertised and sold Prestone at less than the said minimum price. The plaintiff prayed for a temporary and permanent injunction against the defendants restraining them from advertising or offering for sale or selling "Prestone" under its trade name for less than the said minimum retail re-sale prices, for an accounting and damages, the remedy of accounting and damages being waived in the trial of the case.

The defendants in their joint and several answer, verified by Melvin Jay as vice president of the two defendant corporations, admitted the corporate existence of the plaintiff and defendant corporations, for the first defense filed a general denial and for the second defense alleged that the plaintiff failed to enforce diligently or fairly its alleged agreements with its distributors or other retail dealers as to minimum resale prices; that it knowingly permitted and acquiesced in discounts, allowances and concessions by others in the retail sale of "Prestone."

The Court, after a study of the evidence by way of stipulations of counsel, the answers of the plaintiff to the defendants' interrogatories, the exhibits and witnesses and the able briefs submitted, and without going into a statement of the evidence and the many decisions cited by counsel, is of the opinion that the defendants have admittedly, knowingly and wilfully sold "Prestone" below the Fair Trade price in violation of the Ohio Fair Trade Act, which this Court holds to be constitutional in the light of the majority decisions. The Court holds that this Act expressly authorizes the plaintiff to seek and the Court to grant an injunction against these defendants restraining them from such violations.

The Court further finds that the plaintiff diligently and fairly enforced its alleged agreements with its distributors and other retail dealers as to minimum resale prices and it did not knowingly permit and acquiesce in discounts, allowances and concessions by others in the retail sale of its "Prestone" anti-freeze.

The Court is also of the opinion that the facts that the defendants can and did sell "Prestone" below the Fair Trade Price at a profit and that some retailers gave trading stamps on various automotive products including "Prestone," do not constitute valid defenses to the plaintiff's action for an injunction.

Prevailing counsel will therefore draw a journal entry in accordance

with this opinion granting a permanent injunction to the plaintiff against the defendants as prayed for in paragraphs 1 and 2 of the prayer of plaintiff's amended petition, noting proper exceptions, and submit the same to opposing counsel and the Court for approval.